UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON KNOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14-CV-01101-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the following motions filed by Petitioner in this 28 U.S.C. § 2255 action: (1) motion for extension of time in which to file a reply brief (Doc. No. 19); (2) motions for appointment of counsel (Docs. No. 4 & 11); and (3) motion for leave to conduct discovery (Doc. No. 15). For the reasons set forth below, the Court will grant Petitioner's motion for extension of time, but will deny the motions for appointment of counsel and for leave to conduct discovery.

**DISCUSSION**

There is no constitutional right for a pro se habeas petitioner to have counsel appointed, although the Court has discretion to appoint counsel when necessary. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000). Among the factors a court should consider in making this determination are the factual and legal complexity of the case, the ability of the petitioner to present the facts and his claims, and the degree to which the petitioner and the Court would benefit from such an appointment. *Id.* at 558-59. Upon

review of the record thus far, the Court does not believe that the appointment of counsel is warranted.

Likewise, a § 2255 petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997)). Rather, discovery is governed by Rule 6 of the Rules Governing Section 2255 Cases ("Rule 6"), which states that "[a] judge may, for good cause authorize a party to conduct discovery under the Federal Rules of . . . Civil Procedure." Rule 6(a). A party requesting discovery under this rule "must provide reasons for the request" and "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

In this case, Petitioner seeks all "documents provided in the discovery in the underlying criminal cause, and documents from his codefendant's criminal cause." (Doc. No. 15 at 2.) Other than the broad request of all discovery from the underlying case, Petitioner does not specify which documents are requested, as required by Rule 6(b). And upon review of the record thus far, the Court finds that Petitioner has not shown good cause why these materials are necessary for this § 2255 proceeding, as required by Rule 6(a). Therefore, at this stage, the Court will deny Petitioner's motion for leave to conduct discovery.

However, the Court will grant Petitioner's motion for an extension of time in which to file a reply brief.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Petitioner's motion for an extension of time to file a reply brief is **GRANTED**. (Doc. No. 19.) Petitioner shall have until **March 17, 2015** to file his reply.

**IT IS FURTHER ORDERED** that Petitioner's motions for appointment of counsel (Docs. No. 4 & 11) and Petitioner's motion for leave to conduct discovery (Doc. No. 15) are **DENIED without prejudice.**

                                                                                                                       _____
                                                                                                 AUDREY G. FLEISSIG
                                                                                                 UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2014.